UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEVEN A. SMITH, | ) |
|       Plaintiff, | ) |
|       v. | ) Civil Action No. 01-1882 (RWR) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
|       Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that prison officials at the Lorton Reformatory interfered with his access to the law library. Plaintiff's counsel has asked defendant's counsel since June, 2004 for plaintiff's administrative grievance file in order to first assess whether plaintiff exhausted his administrative remedies. Plaintiff contends that since the Prison Litigation and Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires that a prisoner exhaust administrative remedies prior to filing suit, he is entitled to documents from his administrative grievance file. The defendants were ordered to show cause why they should not be required to produce the file plaintiff seeks. In response, defendants state that exhaustion is an affirmative defense and not a condition precedent to filing a suit, that plaintiff has failed to conduct any formal discovery at all, and that lack of verification of exhaustion cannot be a ground for delaying the suit.

The PLRA provides, in pertinent part, that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in a jail, prison, or other correctional facility

until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a).

In *Ali v. District of Columbia*, 278 F.3d 1 (D.C. Cir. 2002), the court stated that "we now hold, as has every circuit to have considered the matter, that the PLRA's exhaustion requirement simply governs the timing of the action and does not contain the type of sweeping and direct language that would indicate a jurisdictional bar rather than a mere codification of administrative exhaustion requirements." *Id.* at 6 (citations and quotations omitted).  PLRA's exhaustion requirement is an affirmative defense which need not be pled by the plaintiff, and which is subject to waiver by the defendant.  *Anderson v. XYZ Correctional Servs., Inc.*, 407 F.3d 674, 681 (4th Cir. 2005); *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005); *Andrews v. Kino*, 398 F.3d 1113, 1119 (9th Cir. 2005); *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

Plaintiff's delay of full discovery and further progress in the case in order to test the merits of an affirmative defense is untenable.  Defendants' response to the show cause order vows that plaintiff's file will be produced as soon as it is received from the Federal Bureau of Prisons.  More than enough time has now elapsed; defendants should promptly procure and produce the documents if they have not already, and plaintiff should proceed expeditiously with prosecuting his case.  Accordingly, it is hereby

**ORDERED** that the March 24, 2005 Order to Show Cause be, and hereby is, discharged. It is further

**ORDERED** that the parties file by August 26, 2005, a joint status report proposing a schedule upon which the remainder of the litigation should be conducted.

_____/s /_____
RICHARD W. ROBERTS
United States District Judge

DATED: August 5, 2005

2